WYATT *vs.* BIBB.

1. A joint owner of lands may maintain an action for rent, against one, holding under a contract of sale if ratified by another joint tenant, where the latter refuses to ratify the sale; and yields all claim to the rent: the defendant having promised to pay reasonable rent for the premises, if the sale should not be ratified.

2. So, where A took possession of lands owned jointly by B and C, under a contract of sale, with B, if ratified by C, or if not, that then he, A, would pay rent to B: and C refused to ratify the sale; but yielded all claim to the rent, to B: it was held, that B was entitled to his action for the rent, on the promise of A.

This action was assumpsit for rent, prosecuted by John D. Bibb, against Peter Wyatt, in Montgomery Circuit Court.

The plaintiff declared in two counts—

1st. Averring an indebtedness for certain lands, rented to the defendant, by the plaintiff, at defendant's special instance and request; and which rent was reasonably worth the sum of two hundred and fifty dollars: and also for the sum of five hundred dollars, money had and received by the said defendant, to and for the use of the plaintiff.

2d. Upon an account stated, whereby the said defendant was found in arrears, and indebted to the plaintiff, in the sum of five hundred dollars.

The defendant plead, *non assumpsit*, payment and set off; and there was replication and issue; upon which, the jury found a verdict in favor of the plaintiff, assessing his damages to the sum of four hundred dollars.

During the progress of the trial, the plaintiff introduced testimony, going to show, that he and one Peyton Bibb, were joint owners of the lands, for the rent of which, the action was brought: that the defendant took possession under a contract of sale, with the plaintiff; which contract, if not approved by the said Peyton Bibb, was to be a nullity: and the defendant agreed, in that event, to pay the plaintiff a reasonable rent for the premises. That Peyton Bibb disapproved of the contract of sale; and of which disapproval the defendant had notice. It was further proved, that Peyton Bibb was to receive no part of the rent; and that he disclaimed all right to any part of the same: that the said rent was to be paid to the plaintiff.

In reference to this proof, the Court below instructed the jury, that if the plaintiff and Peyton Bibb were joint owners of the land; and there was no agreement to pay the rent exclusively to the plaintiff; then they should find for the defendant: but if the agreement was to pay the rent to the plaintiff; and that agreement was sanctioned by Peyton Bibb— then the jury might well find for the plaintiff.

To the admission of all this testimony, and to the charge of the Court, thus given, the defendant excepted; and by error removed the case here.

*Gordon,* for the plaintiff in error.—We insist, that the contract shews a joint interest in the two Bibb's; and in that view, the action below should not have been sustained—1 Espin. 180; 14 East 210. All parties, at the time of making the contract, must join—3 Maule & Selw. 388. Here the contract of

sale was made by John D. Bibb, for himself and Peyton Bibb: he could not have maintained an action for the purchase money, alone: and it follows, he cannot for the rent—4 Barn. & Ald. 374; 6 Com. L. R. 461. One party has no right, or power, to vary the contract at pleasure. No evidence is disclosed of a different agreement with one of the parties, than that first made with both: and the charge of the Court was evidently on a supposed state of facts. If then, here, the contract of sale was ratified, an action for the purchase money accrued to both: if the contract failed, the action for rent, resulted to both.

*Ellis*, contra—We did not sue upon the agreement as resulting from the imperfect agreement of sale: but upon the distinct agreement to pay the plaintiff, *after* Peyton Bibb had abandoned his rights, under that agreement. When he declined ratifying the contract of sale, he disclaimed any further interest as to the rent: and the defendant promised to pay us. This is the light in which the bill of exceptions shews the matter.

SAFFOLD, J.—The action was assumpsit, by Bibb, to recover of Wyatt, an amount of rent alleged to be due, for certain lands rented to the defendant, by the plaintiff, at the special instance of the former.

The trial was had in the Circuit Court, on the general issue. A bill of exceptions shows, that the plaintiff proved, that he and Peyton Bibb were joint owners of the land in question; that the defendant took possession under a contract of sale, with the

4 s & p. 50

plaintiff; which contract if not approved by Peyton Bibb, was to be a nullity: and the defendant agreed, in that event, to pay the plaintiff a reasonable rent, for the premises: that Peyton Bibb disapproved of the contract of sale; and of such disapproval the defendant had notice.

It was further proved, (says the exception) "that Peyton Bibb was to receive no part of the rent; and that he disclaimed all right to any part of the same; but that the same was to be paid to the plaintiff."

Under this evidence, (and some other, considered immaterial,) the Court instructed the jury, that if the plaintiff and Peyton Bibb were joint owners of the land, and there was no agreement to pay the rent exclusively to the plaintiff, then they should find for defendant, but if the agreement was to pay the rent to the plaintiff, and that agreement was sanctioned by Peyton Bibb, then they should find for the plaintiff.

This charge of the Court is now assigned for error, by Wyatt.

As general propositions, all the grounds assumed by the counsel for the plaintiff, may be admitted as true. That all parties in interest at the time of making a contract, must join in the action to enforce it, and a private agreement between the plaintiff and another, can not vary the rule; also that if one of two or more joint tenants or contractors, sue alone, it is error.

But the evidence shows, that the contract in which Peyton Bibb was to have an interest, was never consummated; he was only to have been interested in the contract of sale, and to give it validity, his con-

sent was required by the terms of the agreement, but if the sale was disapproved of by him, it was to be a nullity; and the contract for rent, between **J. D. Bibb** and **Wyatt**, alone, was to be thereby confirmed—such was the result. The disapproval of the sale by Peyton Bibb, rendered it equally void, as though it had never been proposed; and unless he had a right to object to the other part of the contract, and did not waive it, his disapproval of the sale, left the agreement for the rent, as valid and binding between the other two, as though he had never had any interest in the subject matter, and had not been consulted. If Peyton Bibb had, in fact, any right to claim any portion of the rent, it is shown, that he yielded it; but it is a fair and legal presumption, that though a part owner in the title to the land, he was entitled to no part of the rent for the time agreed on. **J. D. Bibb**, by a previous contract with the other, may have been entitled to a term of one or more years, in the land; or, in their purchase of it, the plaintiff may have advanced more than his proportion of the price, under an agreement, between the two, that he should be refunded out of the first profits; on either supposition, surely there could be no objection to the validity of the contract, that the defendant should pay the rent exclusively to the plaintiff. Even if it were intended between the two Bibbs, that the interest of the one in the profits, for the term embraced by the contract, should inure, as a gratuity, to the other, and this was known to Wyatt, then that he, in execution of their purpose, agreed to pay to the plaintiff, alone, the contract was legal and binding.[a]

[a] 1 Chitty's Pl. 7.

The charge of the Circuit Judge did not carry the principle farther; it required proof, that the defendant promised to pay the rent exclusively to the plaintiff; and that the contract had the sanction of Peyton Bibb. From this language, and the proof made of the previous understanding, that Peyton Bibb was to have no part of the rent, we infer, that the charge meant, and was so understood by the jury, that the consent was given at the time, or previous to the contract with the defendant, as well as afterwards.

Let the judgment below be affirmed.